UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS J. CARBERRY and EDWARD
WILLIAMS, as Trustees and Fiduciaries
of the LOCAL 1205 WELFARE and
PENSION FUNDS,

        Plaintiffs,

  -against-

RAEL AUTOMATIC SPRINKLER
COMPANY, INC.,

        Defendant.
------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees and fiduciaries ("Plaintiffs" or the "Trustees") of the Local 1205 Welfare and Pension Funds (the "Funds"), by their attorneys, Rothman Rocco LaRuffa LLP, complaining of Defendant Rael Automatic Sprinkler Company, Inc. a/k/a Rael Automatic Sprinkler Co., Inc. ("Rael Sprinkler" or "Defendant"), allege as follows:

## INTRODUCTION

1. In this action, the Trustees request that the Court order Defendant to provide books and records for audit, and to pay benefit fund contributions, plus statutory damages, including interest, the greater of additional interest or liquidated damages, and reasonable attorneys' fees and costs.

2. In bringing this action, the Trustees are enforcing the terms of the documents governing the Funds, as well as the collective bargaining agreement between Defendant and Local 1205, IBT ("Local 1205" or the "Union"). This action is based on

1

provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the governing documents of the Funds and to prevent violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is invoked pursuant to Sections 502(a)(3), 502(e)(1), 502(f) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f), and 1132(g)(2).

4. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because Defendant resides, does business, and/or is found in this District. In addition, the Funds are administered and conduct business within this District.

## PARTIES

5. Plaintiffs are the Trustees and Fiduciaries of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Plaintiffs comprise the Board of Trustees of the Funds and are the "plan sponsor" within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). Plaintiffs bring this action on behalf of and for the benefit of the participants and beneficiaries of the Fund and in their respective capacities as Plan Fiduciaries.

6. The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and Plaintiffs are located at 246 Conklin Street, Farmingdale, NY 11735, and conduct business in the Counties of Nassau and Suffolk in New York and otherwise within the State of New York. The Funds were established pursuant to the terms of

various collective bargaining agreements between Local 1205 and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements.

7. The Funds are maintained for the purpose of collecting and receiving contributions and providing medical, pension, and other types of benefits to eligible participants and their dependents pursuant to and in accordance with their respective Agreements and Declarations of Trust ("Trust Agreements").

8. Rael Sprinkler is a New York corporation that maintains a principal place of business at 1750 Plaza Avenue, New Hyde Park, New York 11040.

9. Defendant may also be known as Rael Sprinkler Maintenance Corp. Upon information and belief, Rael Sprinkler Maintenance Corp. is a New York corporation that maintains a principal place of business at 1750 Plaza Avenue, New Hyde Park, New York 11040.

## BACKGROUND

10. At all times material hereto, Defendant has been party to and bound by collective bargaining agreements with Local 1205 covering the period from at least January 1, 2013 through the date of this Complaint.

11. Under the collective bargaining agreements, Rael Sprinkler bound itself to certain terms and conditions governing the employment of their employees and obligated itself to make contributions to the Funds on behalf of those employees covered by the collective bargaining agreements.

12. The Funds rely upon Rael Sprinkler and other employers to make the proper contributions required by collective bargaining agreements in order to provide medical, retirement, and other benefits to their employees in accordance with the rules and regulations established by the Trustees of the Funds.

13. At all times relevant to the allegations herein, Rael Sprinkler was bound by the Trust Agreements and the governing documents for the Funds.

14. The Trust Agreements, the governing documents for the Funds, and ERISA authorize the Trustees to bring actions to enforce an employer's obligations to make contributions in accordance with the terms and conditions established by the Trustees.

15. The Trust Agreements, the governing documents for the Funds, and ERISA authorize the Trustees to audit the books and records of participating employers.

16. With respect to the situation where an employer fails to provide records for audit, the Trust Agreements, the governing documents for the Funds, and ERISA provide the Trustees with the authority to estimate the amounts due.

17. In an action to collect unpaid benefit fund contributions, the Trust Agreements, the governing documents for the Funds, and ERISA authorize the Trustees to collect the amount of the unpaid contributions, plus interest on the contributions at the rate of one and one-half percent (1.5%) per month or eighteen percent (18%) per year from the date of the underpayment to the date that it is actually paid, plus the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the unpaid contributions, plus auditing fees and attorneys' fees and costs.

18. The Trust Agreements, the governing documents for the Funds, and ERISA authorize the Trustees to construe the provisions and the terms used in the Trust Agreements and in the other documents governing the Funds, and further provide that any construction adopted by the Trustees is binding upon signatory employers.

19. The Funds have sent letters to Rael Sprinkler demanding that it produce its books and records for audit and that it pay the contributions and interest that it owes to the Funds.

20. Specifically, the Funds and its auditors have contacted Rael Sprinkler and sent letters to it demanding that it produce its general ledgers and income tax returns for work performed in 2013, 2014 and 2015 so the Funds' auditors can complete the January 1, 2013 through December 31, 2015 audit.

21. In addition, the Funds and/or its auditors have contacted Rael Sprinkler and sent letters to it demanding that it produce its books and records for the January 1, 2016 through December 31, 2018 audit.

23. Rael Sprinkler has failed and refused to produce the requested books and records to the Funds for audit.

### FIRST CAUSE OF ACTION:
### FOR UNPAID BENEFIT FUND CONTRIBUTIONS

24. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 23 as if the same were fully set forth herein.

25. Rael Sprinkler has underreported and underpaid contributions owed to the Funds.

26. Such underreporting and underpayment is a breach of the collective bargaining agreements, the Trust Agreements, the governing documents for the Funds, and places Rael Sprinkler in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

27. Rael Sprinkler's actions have injured the Funds by delaying the investment of contributions and causing the Funds to incur unnecessary administrative costs.

28. Accordingly, as a result of the above-described actions, Rael Sprinkler owes the Funds unpaid contributions; plus interest at the rate of eighteen percent (18%) per annum on the monies due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
### FOR FAILURE TO SUBMIT BOOKS AND RECORDS FOR AUDIT

29. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 28 as if the same were fully set forth herein.

30. The refusal and failure of Rael Sprinkler to provide the Trustees' auditors with its pertinent books and records violates the collective bargaining agreements, the Trust Agreements, and the governing documents for the Funds.

31. The refusal and failure of Rael Sprinkler to provide the Trustees' auditors with pertinent books and records also violates Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees."

32. The refusal and failure of Rael Sprinkler to provide the Trustees' auditors with pertinent books and records in connection with Defendant's obligation to pay contributions to the Funds also violates Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

33. In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Trustees are entitled to attorneys' fees and all costs and disbursements connected with such action.

34. As a result of Defendant's conduct in violation of the Trust Agreements, the governing documents for the Funds, the collective bargaining agreements, and ERISA, Plaintiffs are entitled to an Order (1) directing Rael Sprinkler to present the requested books and records to the Funds' auditors for examination and (2) awarding the Trustees all costs and disbursements of this suit, including, but not limited to, reasonable attorneys' fees and costs.

THIRD CAUSE OF ACTION:
FOR UNPAID BENEFIT FUND CONTRIBUTIONS FOUND IN THE AUDIT

35. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 34 as if the same were fully set forth herein.

36. In the event that Rael Sprinkler provides the Trustees' auditors with its books and records and the audit reveals contributions due and owing, such contributions are due to Plaintiffs as delinquent contributions under the Trust Agreements, the governing documents for the Funds, the applicable collective bargaining agreements, and ERISA.

37. Any failure by Defendant to pay contributions to the Funds when due is a breach of the collective bargaining agreements, the Trust Agreements, and the governing documents for the Funds, and places Rael Sprinkler in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

38. Rael Sprinkler' failure to pay contributions in a timely manner injures the Funds by delaying the investment of contributions and causing the Fund to incur unnecessary administrative costs.

39. Accordingly, Rael Sprinkler owes the Funds unpaid contributions; plus interest at the rate of eighteen percent (18%) per annum on the monies due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus costs and reasonable attorneys' fees.

FOURTH CAUSE OF ACTION:
FOR ESTIMATED CONTRIBUTIONS OWED FOR FAILURE TO MAINTAIN RECORDS

40. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 39 as if the same were fully set forth herein.

41. To the extent that Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, it has violated the terms of the collective bargaining agreements, the Trust Agreements, and the governing documents for the Funds.

42. To the extent that Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, it has also violated Sections 107, 209(a), and 515 of ERISA, 29 U.S.C. §§ 1027, 1059(a), and 1145.

43. To the extent that Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, the Trust Agreements, the governing documents for the Funds, and ERISA permit Plaintiffs to estimate contributions owed by Defendant.

44. Defendant is bound by Plaintiffs' estimate of the contributions it owes the Funds.

45. In addition, an employer that violates the record keeping duties of Sections 107 and 209(a) of ERISA, 29 U.S.C. §§ 1027, 1059(a), must accept a benefit plan's reasonable estimate of contributions owed.

46. Accordingly, Rael Sprinkler owes the Funds unpaid contributions; plus interest at the rate of eighteen percent (18%) per annum on the monies due and owing to the Trustees from the date due until the date actually paid; plus the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1. On the First Cause of Action, that the Court Order Rael Sprinkler to pay Plaintiffs (a) the amount in unpaid contributions; (b) interest on the unpaid contributions at the rate of eighteen percent (18%) per annum on the monies due and owing to the Trustees from the

date due until the date actually paid; (c) the greater of liquidated damages equal to twenty percent (20%) of the unpaid contributions or an amount equal to the pre-judgment interest described above; and (d) all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditor's fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

    2.  On the Second Cause of Action, that the Court Order Rael Sprinkler to present their books and records within thirty (30) days to the Funds' auditors for examination for the period of January 1, 2013 through present, including but not limited to: payroll records, payroll journals, time cards, print-outs, ledgers or any other form of payroll records; payroll tax records submitted to federal and state governments, including, but not limited to, Forms 941, WRS-2, W-4, and W-2; complete business income tax returns; cash disbursement records; general ledgers; and any other records specifically requested by the Funds' auditors; and further Order Rael Sprinkler to pay all costs and disbursements incurred in this action, including, but not limited to, reasonable attorneys' fees and auditors' fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

    3.  On the Third Cause of Action, that the Court Order Rael Sprinkler to pay Plaintiffs (a) the unpaid contributions found to be due and owing pursuant to audit; (b) interest on the unpaid contributions at the rate of eighteen percent (18%) per annum on the monies due and owing to the Trustees from the date due until the date actually paid; (c) the greater of liquidated damages equal to twenty percent (20%) of the unpaid contributions or an amount equal to the pre-judgment interest described above; and (d) all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditor's fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

4. On the Fourth Cause of Action, to the extent Defendant fails to produce and/or claims it has not maintained books and records for any portion of the period sought to be audited, that the Court Order Rael Sprinkler to pay Plaintiffs (a) the estimated contributions owed by Defendant, as determined by the Trustees; (b) interest on the unpaid contributions at the rate of eighteen percent (18%) per annum on the monies due and owing to the Trustees from the date due until the date actually paid; (c) the greater of liquidated damages equal to twenty percent (20%) of the unpaid contributions or an amount equal to the pre-judgment interest described above; and (d) all costs and disbursements of this lawsuit, including, but not limited to, reasonable attorneys' fees and auditor's fees; and that the Court award Plaintiffs such other and further equitable relief as this Court deems just and proper.

Dated: May 12, 2020
       Elmsford, New York

William K. Wolf (ww-7906)

ROTHMAN ROCCO LaRUFFA
3 West Main Street, Suite 200
Elmsford, New York 10523
(914) 478-2801
wwolf@rothmanrocco.com

Attorneys for Plaintiffs